UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 6:14-00203-05** |
| **VERSUS** | **JUDGE DRELL** |
| **JENEE LYNN HARGRAVE** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Before the Court is the "Motion for Hardship Credit for Hardtime Served" filed in proper person by Jenee Lynn Hargrave ("Hargrave").  [rec. doc. 488].  This motion was referred to the undersigned for Report and Recommendation.  [rec. doc. 489].

For the reasons set forth below, the undersigned **RECOMMENDS** that the instant  "Motion for Hardship Credit for Hardtime Served" [rec. doc. 488] be **DENIED**.

### LAW AND ANALYSIS

In November, 2014, Hargarve was named in a multi-count indictment, which included as Count 1 a charge that Hargrave conspired with the intent to distribute methamphetamine in violation of 21 U.S.C. § 846.  [rec. doc. 1]. Petitioner pled guilty to Count 1 on September 14, 2015. [rec. docs. 327 and 324]. On January 14, 2016, she was sentenced to 120 months imprisonment. [rec. doc. 446 and 448].

Hargrave did not directly appeal her conviction, nor has she filed any post-conviction motion pursuant to 28 U.S.C. § 2255. Petitioner is currently incarcerated at the Federal Correctional Institute in Tallahassee, Florida.

The instant motion was filed on February 9, 2017. In her Motion, Hargrave alleges that she was incarcerated at the Iberia Parish Jail ("IPJ") for 423 days, presumably prior to the entry of her guilty plea. She contends that the conditions at the IPJ were "severe" and in violation of her Eighth Amendment Constitutional rights.[1] More specifically, she alleges that the IPJ operates as a "communal segregation" jail, that recreational services are limited, the meals are below "federal standards", that the inmates are subjected to a "lack of movement" and excessive cell time, that inmate "personal hygiene is significantly degraded" allowing common illnesses to become a problem, that inmates have to drink water out of the same sink that is used to wash hands and clean eating utensils, that inmates receive poor medical attention and that the shower water is too cold with low pressure. Accordingly, Hargrave believes that she should be awarded two days credit for each day that she was housed at the IPJ.

---

[1] Hargrave was presumably a pre-trial detainee during the time she was housed at the IPJ. Accordingly, petitioner's rights are governed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See Hare v. Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (*en banc*) citing *Estelle v. Gamble*, 97 S.Ct. 285, 291 (1976) and *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The Court's analysis is nevertheless the same under either Constitutional provision.

By this Motion, Hargrave seeks additional credit for time served while housed at the IPJ based on alleged unconstitutional prison conditions. She cites no statutory or jurisprudential basis in support of her request and the Court's research has found none. While the Court understands that Hargrave may not have been as comfortable at the IPJ as she is at her current place of incarceration, there is simply no legal basis for this Court to grant Hargrave the requested relief. Simply stated, there is no provision, statutory or jurisprudential, which would allow this Court to grant Hargrave double credit for her time spent at the IPJ.

For the reasons set forth above;

**IT IS RECOMMENDED** that the "Motion for Hardship Credit for Hardtime Served" filed in proper person by Jenee Lynn Hargrave [rec. doc. 488] be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within

fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

      **THUS DONE AND SIGNED** in chambers, in Lafayette, Louisiana, this 23rd day of February, 2017.

                                                _____
                                                **PATRICK J. HANNA**
                                                **UNITED STATES MAGISTRATE JUDGE**