# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:14-CR-00203-05** |
| **VERSUS** | **JUDGE DRELL** |
| **JENEE LYNN HARGRAVE (05)** | **MAGISTRATE JUDGE HANNA** |

## ORDER

Before the Court is *pro se* Defendant Jenee Lynn Hargrave's (05) Motion for Bond Pending Court's Ruling [Doc. 538], filed on October 15, 2018. On October 16, 2018, the Court deferred ruling on the motion, in order to allow the Government ten (10) days within which to file any response thereto. [Rec. Doc. 539]. No response was filed.

On September 15, 2015 Hargrave pled guilty to Count I of the Indictment which charged her with Conspiracy To Distribute and Possess With Intent to Distribute Methamphetamine. [Rec. Doc. 327]. The conviction carried a statutory mandatory minimum sentence of 10 years and she was sentenced accordingly on January 14, 2016 with credit for time served. [Rec. Docs. 446, 448]. She also received five years of supervised release. [Rec. Doc. 448]. She did not appeal her conviction nor did she file a motion for relief under 28 U.S.C. § 2255.

On February 9, 2017 Hargrave filed a motion for Hardship Credit for Hardtime Served. [Rec. Doc. 488]. This Court recommended the motion be denied

[Rec. Doc. 491], which was adopted by the district court on April 11, 2017. [Rec. Doc. 505]. On October 1, 2018 Hargrave filed a Motion for Relief under Rule 60 which is presently pending for Report and Recommendation before this Court. [Rec. Doc. 536]. The Government has not yet filed its response. By the instant motion, Hargrave seeks to be released pending a decision on the Rule 60 motion. For the reasons which follow, the motion is DENIED.

In her Rule 60 motion, Hargrave essentially seeks to have her sentence set aside as illegal and caused by "conflict and fraud" in that one of the agents who investigated her case pleaded guilty to a federal crime and was sentenced to prison – a fact she contends was withheld from her. Also woven within the merits of the Rule 60 motion are issues that would have been properly raised by a habeas petition under 28 U.S.C. §2255. Thus, the motion before the Court is not exactly a motion seeking bail pending appeal or a writ of certiorari which would clearly be governed by the Bail Reform Act, 18 U.S.C. § 3141 et. seq. Rather, it is more likely governed by F.R.A.P. 23. Nonetheless, Hargrave contends that whether she should or should not be released pending a decision on the Rule 60 motion is governed by section 3143 of the Bail Reform Act. The Court reaches the same conclusion under either analysis.

Subparagraph (b) of section 3143 provides in pertinent part:

(b) Release or detention Pending Appeal by the Defendant –

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained unless the judicial officer finds –

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact that is likely to result in –

(i) reversal;

(ii) an order for a new trial;

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstances described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

Hargrave was convicted of an offense described in Subparagraph (C) of section 3142(f)(1) in that the was convicted of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 (et. seq.)." As such, section 3143(b)(2) mandates that she be detained pending appeal. However, Hargrave contends that Subparagraph (c) of section 3143 allows the court to release her "in any other circumstance." That argument misconstrues the statute.

Subparagraph (c) only applies where the government has taken an appeal and subparagraph (b) otherwise does not apply. No such appeal has been taken and subparagraph (b) does apply, therefore, by its terms subparagraph (c) has no application here. However, that does not necessarily end the inquiry under the Bail Reform Act.

Under section 3145(c):

A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly

shown there are exceptional reasons why such person's detention would not be appropriate."

Hargrave was initially detained pending trial because she did not rebut the presumption established by 3142(e)(3)(A) that no condition of combination of conditions would reasonably assure her appearance as required and the safety of the community. [Rec. Doc. 137]. In her motion, Hargrave has not provided by "clear and convincing evidence," as required by section 3143 (a)(1) or (b)(1), that she is not likely to flee or pose a danger to any other person or the community. On that basis alone, section 3145(c) is not applicable. Further, Hargrave has not "clearly shown that there are exceptional reasons why [her] detention would not be appropriate."

Therefore, there is no application of the Bail Reform Act which would entitle Hargrave to release pending resolution of her Rule 60 motion. Thus, the Court turns to F.R.A.P. 23.

Under Rule 23(d) "[a]n initial order governing the prisoner's custody . . . .continues in effect pending review unless for special reasons shown to the court of appeals or the Supreme Court, or to a judge or justice of either court, the order is modified or an independent order regarding custody, release, or surety is issued." By its terms there is no mechanism for this Court to issue a release order pending review of the Rule 60 motion.

In addition, there has been no previous order denying habeas (or Rule 60) relief for which Rule 23(b) does provide relief. In that circumstance, Hargrave would be required to show that the "petition raised substantial constitutional claims upon which the petitioner has a high probability of success and when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *U.S. v. Lincoln,* 1990 WL 124873 *3 (E.D. La. 1990) citing *Calley v. Callaway*, 496 F.2d 701 (5th Cir. 1974).

There is not yet an order from the district court on the Rule 60 motion for which an appeal may lie to the court of appeal by the petitioner that could perhaps trigger Rule 23(b) and there is no other basis for relief that has been raised by Hargrave. Consequently, the motion for bond is DENIED.

Sign in Lafayette, Louisiana this 30th day of October, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE